**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Jesus RAMIREZ–ALVAREZ, Defendant–Appellant.**

No. 06–40115
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Oct. 24, 2006.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Margaret Christina Ling, Assistant Federal Public Defender, Federal Public Defender's Office Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before JOLLY, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM: *

Jesus Ramirez–Alvarez appeals his 35–month sentence imposed following his guilty plea to a charge of illegally reentering the United States after deportation, in violation of 8 U.S.C. § 1326. Ramirez–Alvarez argues that the district court erred by characterizing his state felony conviction for possession of marijuana as an aggravated felony for purposes of

---

U.S.S.G. § 2L1.2(b)(1)(C). Ramirez–Alvarez's argument is unavailing in light of circuit precedent. *See United States v. Hinojosa–Lopez,* 130 F.3d 691, 693–94 (5th Cir.1997). Ramirez–Alvarez argues that this circuit's precedent is inconsistent with *Jerome v. United States,* 318 U.S. 101, 63 S.Ct. 483, 87 L.Ed. 640 (1943). Having preceded *Hinojosa–Lopez, Jerome* is not "an intervening Supreme Court case explicitly or implicitly overruling that prior precedent." *See United States v. Short,* 181 F.3d 620, 624 (5th Cir.1999).

Ramirez–Alvarez also challenges the constitutionality of § 1326(b) in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Ramirez–Alvarez's constitutional challenge is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although Ramirez–Alvarez contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi,* we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See United States v. Garza–Lopez,* 410 F.3d 268, 276 (5th Cir.), *cert. denied,* —— U.S. ——, 126 S.Ct. 298, 163 L.Ed.2d 260 (2005). Ramirez–Alvarez properly concedes that his argument is foreclosed in light of *Almendarez–Torres* and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.